J-S51016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: A.I., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: B.B., MOTHER | No. 949 EDA 2015 |

Appeal from the Order Entered March 27, 2015
In the Court of Common Pleas of Wayne County
Civil Division at No(s): CP-64-JM-0000007-2015

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:            **FILED OCTOBER 23, 2015**

B.B. ("Mother") appeals from the order entered in the Court of Common Pleas of Wayne County denying her petition to vacate an order for evaluation and/or treatment of her child. We vacate the trial court's order.

Wayne County Children and Youth Services ("WCCYS") filed its application to have the child evaluated in light of a ChildLine report that Mother was causing or contributing to her child's mental injury. WCCYS alleged that Mother was interfering with the mental health treatment her child was receiving and that she was refusing to comply with the child's treatment plan. WCCYS sought to have the child examined by a physician or a psychologist. The trial court entered the order requiring psychological evaluation for the child. In the Application/Motion for Evaluation and/or

_____

[*] Retired Senior Judge assigned to the Superior Court.

Treatment, WCCYS averred the case was registered as "Child Protective Service Investigation[,] and that pursuant to the Child Protective Services Law ("CPSL"), 23 Pa.C.S. §§ 6301 *et seq.*,[1] "serious mental injury must be diagnosed by a Physician or Licensed Psychologist, therefore, in order to complete the investigation of severe mental injury, the child must have an evaluation performed by a professional mental health provider or physician as described in the law." Application/Motion for Evaluation and/or Treatment of a Child, 3/24/15, at ¶2.[2]

On March 25, 2015, Mother filed a Petition to Vacate the court's order granting the Application/Motion. The court held a hearing on March 27, 2015. At the hearing, Mother argued that the court lacked jurisdiction to order an evaluation of the child, or to order treatment without evidence that

---

[1] The purpose in the CPSL is to "encourage more complete reporting of suspected child abuse" and to provide "protection for children from further abuse." 23 Pa.C.S. § 6302(b). **See *P.R. v. Department of Public Welfare***, 801 A.2d 478, 483 (Pa. 2002) (discussing the underlying purpose of the CPSL and stating that "[t]he need to prevent child abuse and to protect abused children from further injury is critical."). Additionally, the purpose of the CPSL is to "ensure that each county children and youth agency establish a program of protective services with procedures to assess risk of harm to a child and with the capabilities to respond adequately to meet the needs of the family and child who may be at risk and to prioritize the response and services to children most at risk. 23 Pa.C.S. § 6302(b).

[2] We note that the Application/Motion is not date-stamped; however the docket indicates that the Application/Motion was filed on 3/24/15, the same date as the court's order granting it.

prompt treatment was necessary. *See* N.T. Hearing, 3/27/15, at 3-6. The court denied Mother's petition to vacate. This appeal followed.[3]

Rule 1145A of the Pennsylvania Rules of Juvenile Court Procedure provides that an application to the court may be made for examination or treatment of a child *prior to the filing of a dependency petition "when prompt treatment is necessary.*" *See* Pa.R.J.C.P. 1145A (emphasis added).[4] WCCYS, in its "Application/Motion," averred that the child was in need of prompt treatment. *See* WCCYS Application/Motion for Evaluation and/or Treatment. Mother objected to WCCYS' use of Rule 1145 when there was no showing that prompt treatment was necessary. The trial court's order reads:

> AND NOW, this 23rd day of March, 2015, upon consideration of Wayne County Children and Youth's Motion for Evaluation and/or Treatment of a child it is here ORDERED AND DECREED that the Application/Motion for Evaluation and/or Treatment is hereby GRANTED, and that the child be examined by a Physician or Psychologist and

---

[3] In her brief, Mother states that after she filed her appeal, a psychologist retained by WCCYS did examine the child and, according to Mother's brief, "Mother was informed that the allegations were reported as unfounded." *See* Appellant's Brief, at 8. Although this would moot the appeal before us, there is no indication in the certified record on appeal that the evaluation was performed. An appellate court may consider only the facts which have been duly certified in the record on appeal. *See* Pa.R.A.P. 1921-Note; *see also Commonwealth v. Young*, 317 A.2d 258 (Pa. 1974).

[4] The Comment to Rule 1145 specifies that after a dependency petition has been filed, the proper course of action for seeking examination and treatment of a child is to file a motion pursuant to Pa.R.J.C.P. 1145B. *See* Pa.R.J.C.P. 1145-Comment.

if, in the opinion of the same, the child requires prompt treatment that Wayne County Children and Youth Services be authorized to consent to the same, even if the parent/guardian has not been given notice of said Application/Motion, Petition for Dependency or Application for Shelter Care, or if after notice as aforesaid the parent/guardian, without good cause, refuses to consent to the child's treatment.

Trial Court Order, docketed 3/24/2015.

The record of the hearing, and the documents included in the certified record, however, offer no support for a finding that prompt treatment is necessary. If there is no indication that prompt treatment is necessary, the agency cannot use this rule to seek evaluation in order to support a determination that prompt treatment is necessary.

Further, the trial court supports its decision to grant WCCYS' application by referring to section 6339(b) of the Juvenile Act, which states:

> **Physical and mental examinations and treatment.**-- *During the pendency of any proceeding* the court may order the child to be examined at a suitable place by a physician or psychologist and may also order medical or surgical treatment of a child who is suffering from a serious physical condition or illness which in the opinion of a licensed physician requires prompt treatment, even if the parent, guardian, or other custodian has not been given notice of a hearing, is not available, or without good cause informs the court of his refusal to consent to the treatment.

42 Pa.C.S. § 6339(b) (emphasis added).

The Juvenile Act applies "exclusively" to:

> (1) Proceedings in which a child is alleged to be delinquent or dependent.

- 4 -

(2) Transfers under section 6322 (relating to transfer from criminal proceedings).

(3) Proceedings arising under Subchapter E (relating to dispositions affecting other jurisdictions).

(4) Proceedings under the Interstate Compact on Juveniles, as set forth in section 731 of the act of June 13, 1967 (P.L. 31, No. 21), known as the Public Welfare Code.1

(5) Proceedings in which a child is charged with a summary offense arising out of the same episode or transaction involving a delinquent act for which a petition alleging delinquency is filed under this chapter. The summary offense shall be included in any petition regarding the accompanying delinquent act. Upon finding a child to have committed a summary offense, the court may utilize any disposition available to the minor judiciary where a child is found to have committed a summary offense, including a finding of guilt on the summary offense.

42 Pa.C.S. § 6303 (Scope of Chapter). See 42 Pa.C.S. § 6321 (Commencement of Proceedings). As Mother points out, *WCCYS has not filed a dependency petition, nor have proceedings been commenced pursuant to any other method listed in section 6321.*[5] ***See also In re A.L.***,

_____

[5] **(a) General rule.** – A proceeding under this chapter may be commenced:

(1) By transfer of a case as provided in section 6322 (relating to transfer from criminal proceedings).

(2) By the court accepting jurisdiction as provided in section 6362 (relating to disposition of resident child received from another state) or accepting supervision of a child as provided in section 6364 (relating to supervision under foreign order).

*(Footnote Continued Next Page)*

779 A.2d 1172 (Pa. Super. 2001) (in child custody hearing during divorce proceeding, trial court lacked jurisdiction to evaluate and rule upon any issue of dependency where there was no evidence that dependency petition was filed or that children were appointed counsel for delinquency proceeding).

Thus, WCCYS has not complied with either Pa.R.J.C.P. 1145A or the Juvenile Act, 23 Pa.C.S. §§ 6301 *et seq*. WCCYS failed to present any evidence that prompt treatment was necessary, and it failed to file a dependency petition under the Juvenile Act.

Finally, WCCYS avers in its petition that this case "was registered as a Child Protective Services Investigation." **See** Application/Motion, **supra** at ¶ There is nothing in the record to suggest to this Court that the procedures set forth in the CPSL, in particular section 6368 (Investigation of reports) , have been invoked or followed.

Accordingly, the trial court's order is vacated. Case remanded for disposition in accordance with this opinion. Jurisdiction relinquished.

*(Footnote Continued)* ⸻⸻⸻⸻⸻

> (2.1) By taking a child into custody in accordance with the provisions of section 6324 (relating to taking into custody).
>
> (3) In other cases by the filing of a petition as provided in this chapter. The petition and all other documents in the proceeding shall be entitled "In the interest of ...................., a minor," and shall be captioned and docketed as provided by general rule.

42 Pa.C.S. § 6321.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/23/2015